Argued May 5, reversed and remanded September 9, 1966

# HIBBERT *v.* BAILEY
### 417 P. 2d 1015

*Arthur A. Beddoe,* Klamath Falls, argued the cause for appellant. On the brief were Beddoe & Wood, Klamath Falls.

*William P. Brandsness,* Klamath Falls, argued the cause for respondent. On the brief were Coe & Brandsness, Klamath Falls.

Before McAllister, Chief Justice, and Perry, Denecke, Holman and *Schwab, Justices.

DENECKE, J.

The defendant invited the plaintiff to ride a horse. Plaintiff was thrown or fell from the horse and injured herself. In an action for damages the jury returned a verdict for defendant. Plaintiff appeals.

The evidence was that the defendant suggested to the plaintiff that she ride defendant's horse, Sugarfoot, in the Fourth of July parade. He asked her to come to his place and try out his horse. Several days later Mrs. Hibbert, the plaintiff, came out and defendant saddled up a horse, not Sugarfoot, and invited plaintiff to ride. Plaintiff mounted the horse, appeared to know how to ride, and defendant went back to his work. Shortly thereafter Mrs. Hibbert was unseated.

Plaintiff's first assignment of error was the trial court's failure to withdraw the charge of contributory negligence as follows: "Plaintiff negligently mounted a saddled horse when the plaintiff well knew, or should have known, that the stirrups of the saddle were too long to afford proper footing."

The testimony was that Mrs. Hibbert did com-

---

* Schwab, J., did not participate in this decision.

plain when she mounted that the stirrups were too long and the defendant said she would not need stirrups at all. Plaintiff asserts that because of defendant's assurance, plaintiff's riding with stirrups known to be too long for support could not be contributory negligence. It would be a jury question whether under these circumstances, despite defendant's assurance, plaintiff was negligent in riding with stirrups which were too long. See *Oltmanns v. Driver*, 252 Iowa 1066, 109 NW2d 446 (1961). The trial court did not err in this regard.

The remaining assignments of error will be considered together.

The trial court refused to withdraw the following charge of contributory negligence: "Plaintiff freely and voluntarily mounted said animal when the plaintiff knew, or should have known, of the characteristics of said horse." The court gave an instruction on "assumption of the risk," to which plaintiff excepted.

The defendant's position in this case is that the horse was gentle and plaintiff fell off because she did not know how to ride, which shortcoming was unknown to the defendant. The plaintiff's evidence was that the horse had a tender mouth, had to be neck reined and the owner of the horse was keeping it with defendant because the owner could not handle it, all of which was unknown to plaintiff.

The specification of contributory negligence acknowledges that to be a defense it must be proved that plaintiff knew or should have known of the dangerous propensities of the horse. Similarly, if contributory negligence is inexactly described as "assumption of the risk" it is necessary in order to maintain the defense to prove that the plaintiff knew or should have

known of the danger. *Ritter v. Beals,* 225 Or 504, 514, 358 P2d 1080 (1961); 2 Restatement (Second), Torts § 466(a). Defendant admits in his brief: "It is true that probably none of the opportunities of observations by the Plaintiff would have gained knowledge of the dangerous characteristics of the horse." Defendant's admission is fully supported by the evidence. This distinguishes the present case from *Brooks v. Mack,* 222 Or 139, 145-146, 352 P2d 474 (1960), as we found in that case that there was testimony from which the jury could find that the plaintiff knew or should have known that the horse was too spirited for an inexperienced rider such as plaintiff.

There is no evidence upon which to submit the charge of contributory negligence or to instruct the jury upon assumption of the risk.

Reversed and remanded.